Li Min Lin v. Garland

BIA
Vomacka, IJ
A205 894 760

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of March, two thousand twenty-three.

PRESENT:
　　　ROSEMARY S. POOLER,
　　　JOSEPH F. BIANCO,
　　　WILLIAM J. NARDINI,
　　　　　*Circuit Judges.*

_____

LI MIN LIN,
　　　*Petitioner,*

　　　v.　　　　　　　　　　　　　20-3683
　　　　　　　　　　　　　　　　　NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
　　　*Respondent.*

_____

FOR PETITIONER:　　　Yee Ling Poon, Esq., New York, NY.

FOR RESPONDENT:　　　Brian Boynton, Acting Assistant Attorney General; Song Park,

Senior Litigation Counsel; Rosanne M. Perry, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Li Min Lin, a native and citizen of the People's Republic of China, seeks review of a September 29, 2020, decision of the BIA affirming a June 20, 2018, decision of an Immigration Judge (IJ) denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). *In re Li Min Lin,* No. A205 894 760 (B.I.A. Sept. 29, 2020), *aff'g* No. A 205 894 760 (Immig. Ct. N.Y. City June 20, 2018). We assume the parties' familiarity with the case.

We have reviewed the IJ's decision as supplemented and modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be

compelled to conclude to the contrary."); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination under substantial evidence standard).

The IJ may, "[c]onsidering the totality of the circumstances, . . . base a credibility determination on . . . the inherent plausibility of the applicant's . . . account," and inconsistencies in her statements or between her statements and other evidence, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Lin asserted a claim of past persecution, alleging that that she was forced to have an intrauterine device ("IUD") in 1995, and an abortion and a second IUD in 1999. The agency pointed to multiple inconsistencies between her application, statements at her asylum interview, hearing testimony, and

3

documentary evidence in concluding that she had not stated a credible claim. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

Substantial evidence supports the adverse credibility determination. Lin's statements at her asylum interview and hearing were inconsistent about when she had the IUD removed before coming to the United States and whether Chinese authorities were aware she had had it removed. She argues that the interview record is unreliable because of translation problems, but she did not exhaust this explanation before the BIA, and, even if she had, asylum interviews are not subject to "special scrutiny" to establish their reliability and the record does not reflect comprehension issues. *Ming Zhang v. Holder*, 585 F.3d 715, 723 (2d Cir. 2009).

Lin's testimony contradicted itself in other places, too. At one point, she testified that she and her husband had come to the United States because they wanted to move to a country with more reproductive freedom; elsewhere, she stated that she had come to visit her son who was in the United States on a student visa and learned that she might be eligible for asylum only after her arrival. The IJ did not err in

4

concluding that this last allegation was not plausible under the circumstances.

Lin also changed her explanation for failing to provide her family planning medical record book as evidence. During her asylum interview, she said that she was required to bring the book to every checkup. Later, she testified that she never had the book at home and only signed it during checkups at the family planning office. The agency was not required to credit her explanation that the process changed over time. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for h[er] inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be *compelled* to credit h[er] testimony." (internal quotation marks omitted)).

Finally, the IJ did not err in relying on additional minor discrepancies between Lin's statements and her documentary evidence about her son's level of education and her address in China. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167 ("[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern

matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder.").

The inconsistencies, taken together, provide substantial evidence for the adverse credibility determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible."). The adverse credibility determination disposes of Lin's asylum, withholding of removal, and CAT relief claims because all three are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006). To the extent Lin argues that the agency failed to consider her country conditions evidence, the evidence confirms a one child family planning policy in China in 1999 but does not resolve the inconsistencies about Lin's own experience. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (agency need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court